UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN KING,

        Plaintiff,

                              File No. 4:02-cv-141

v.

                              HON. ROBERT HOLMES BELL

CHUCK ZAMIARA *et al.*,

        Defendants.

_____/

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE REPORT AND RECOMMENDATION**

Before the Court are objections to a Report and Recommendation ("R&R") of United States Magistrate Judge Ellen S. Carmody issued on March 23, 2009. The R&R recommended (1) that Plaintiff Kevin King's motion to amend his complaint (Dkt. No. 137) be denied, (2) that Defendants' motion for summary judgment (Dkt. No. 131) be granted in part and denied in part, and (3) that Plaintiff's motion for summary judgment (Dkt. No. 129) be granted in part and denied in part. (Dkt. No. 146.) Both Plaintiff and Defendants have filed objections to the R&R. (Dkt. Nos. 148, 149.) For the reasons that follow, Plaintiff's and Defendants' objections are denied and the R&R is adopted as the opinion of the Court.

This Court is required to make a *de novo* determination of those portions of a R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**A. Adverse Action**

Plaintiff's claim is that Defendants retaliated against him by increasing his security level when they transferred him to another facility. Defendants object to the determination in the R&R that the increase in security level constituted an adverse action. (R&R 15-16.) Defendants' arguments on this issue were not raised in their summary judgment briefing; in fact, Defendants did not raise any challenge to this aspect of Plaintiff's summary judgment motion. "[T]he Magistrate Judge Act, 28 U.S.C. § 631 *et seq.* . . . does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)); *accord Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.")). Because Defendants failed to raise this argument before the Magistrate Judge, they will be deemed to have waived it.

**B. Involvement in the Adverse Action**

**1. Defendant Bolden**

Plaintiff objects to the finding of the R&R that Defendant Bolden was not sufficiently involved in the adverse action to be liable for retaliation. The R&R determined that Plaintiff's evidence, a letter written by Bolden several months after Plaintiff's increase in security level, shows only that Bolden was aware of the allegedly illegal conduct after the fact, not that he had any personal involvement in the adverse action. The R&R determined

that Bolden could not be subject to supervisory liability based merely on awareness of, and

failure to remedy, Plaintiff's circumstances after the retaliation had already occurred.

Plaintiff objects that the caselaw cited in the R&R regarding supervisory liability applies only

to constitutional violations that have already occurred, and does not apply to violations that

are ongoing and that can be "undone" by a supervisory official after learning of it.  Plaintiff

asserts that Bolden can be liable for failing to take remedial action to address Plaintiff's

continuing confinement at a higher security level after learning of Plaintiff's circumstances.

It is well established that supervisory liability under § 1983 "must be based on active

unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v.*

*Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d

199, 206 (6th Cir. 1998)).  Contrary to Plaintiff's assertion, supervisors are not held liable

under § 1983 merely because they are aware of an alleged violation and fail to take remedial

action.  *See Shehee*, 199 F.3d at 300 ("[Plaintiff's] only allegations against [Defendant

supervisors] involve their denial of his administrative grievances and their failure to remedy

the alleged retaliatory behavior."); *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988) ("At

best, [appellee] has merely claimed that the appellants were aware of alleged harassment, but

did not take appropriate action. This is insufficient to impose liability on supervisory

personnel under § 1983."); *Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005)

("[Plaintiff] merely alleged that Martin failed to remedy the situation after he had been

informed of the problem via [plaintiff's] grievance. [This] allegation does not state a claim

because the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel."); *Walker v. Dept. of Corr.*, No. 00-5843, 2000 WL 1828876, at *2 (6th Cir. Dec. 6, 2000) ("[T]o the extent that [plaintiff] claims that Sapp and Webb failed to take appropriate affirmative or remedial action with regard to his requests for records, this court has held that 'supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act.'") (citation omitted).  Apparently, Plaintiff interprets "failure to act" to mean only failure to act on a violation that has already passed and cannot be remedied.  As the foregoing authority indicates, the Sixth Circuit does not construe "failure to act" so narrowly; an official is not subject to supervisory liability for mere failure to act, even where that failure to act includes failure remedy the ongoing effects of a constitutional violation.

Moreover, mere awareness of a violation and failure to remedy it is not equivalent to "approv[ing] or knowingly acquiesc[ing] in the unconstitutional conduct," for which supervisors *can* be liable.  *See Shehee*, 199 F.3d at 300 (noting that, although defendants were aware of the retaliatory acts and failed to remedy them, "[t]here is no allegation that any of these defendants directly participated, encouraged, authorized or acquiesced in the claimed retaliatory acts against [plaintiff]").  In *Shehee*, the plaintiff was allegedly fired from a prison commissary job in retaliation for filing grievances.  *Id.* at 298.  Defendants received and reviewed his complaints claiming retaliation but did not act on them and did not restore his job; the court held that they could not be held liable based on these allegations.  *Id.* at 300.

4

Similarly, the only evidence against Defendant Bolden indicates, at best, that he was aware of Plaintiff's circumstances but he did not remedy them.  This conduct falls squarely outside the perimeter of § 1983 supervisory liability.

Plaintiff's reliance on *Brannum v. Overton County Sch. Bd.*, 516 F.3d 489 (6th Cir. 2008), is misplaced.  In that case, the court found that two school officials could be liable for violations of privacy based on their personal involvement in the placement and use of a video monitoring system that included cameras located in the girls' locker room.  *Id.* at 492.  The assistant principal, Jolley, was involved in setup of the camera system, and he notified the principal, Beatty, when he discovered that the cameras were recording areas of the locker rooms where students dressed.  *Id.* at 492.  The court determined that, while the officials that did not authorize or were not aware of the placement of the cameras could not be liable, "the school officials directly involved in the decision to install the cameras and responsible for determining their locations, that is, defendants Beatty and Jolley, are not entitled to qualified immunity."  *Id.* at 500.  Plaintiff contends that Defendant Bolden is in a similar position as Beatty, because Beatty's only involvement was failure to take remedial action after learning of the placement of the cameras.  The Court notes that the Sixth Circuit did not discuss principles of supervisory liability, and did not expressly find that either Beatty or Jolley could be subject to supervisory liability.  Instead, the court indicated that Beatty and Jolley were "directly involved" in the decision to install the cameras and "responsible for determining their locations."  *Id.*  The Court does not have before it the evidence considered by the court

in *Brannum*; however, the court's recitation of the facts indicates that Beatty was more involved than Plaintiff suggests. Jolley suggested to Beatty that the camera placement be changed, but Beatty apparently rejected or ignored this suggestion. *Id.* at 492. Beatty also told the coach of a visiting team using the lockers that the cameras were inactive when, in fact, they were not. *Id.* Beatty's actions constituted more than "mere failure to act"; they contributed to a continuing violation. In contrast, Plaintiff's evidence that Defendant Bolden was aware of a possible First Amendment violation but failed to restore Plaintiff's security level is, as a matter of law, insufficient to show supervisory liability.

Plaintiff also argues that Defendant Bolden can be personally liable because he could not "stand idly by" while Plaintiff's rights were being violated, citing *Durham v. Nu'man*, 97 F.3d 862, 868 (6th Cir. 1996) and *McHenry v. Chadwick*, 896 F.2d 184, 188 (6th Cir. 1990). However, the cases cited by Plaintiff involved officers with a specific duty to protect the plaintiff; these officers failed to intervene when in the presence of others that were unlawfully punishing or physically harming the plaintiff. The Court is not aware of any authority extending this standard outside the context of an officer's duty to protect.

### 2. Defendants Zamiara, Berghuis, Chaffee, Wells, and Singleton

Defendants object to the finding of the R&R that Plaintiff submitted sufficient evidence to raise a genuine issue of material fact as to the involvement of Defendants Zamiara, Berghuis, Chaffee, Wells, and Singleton in the decision to increase Plaintiff's security level. Defendants argue in their objections that none of these defendants were

involved as *decisionmakers* because Nick Ludwick at the central office had the final authority to make this decision.   The Court agrees with Defendants that evidence of Ludwick's authority is *relevant* to the other Defendants' involvement; however, this evidence does not establish as a matter of law that Defendants Zamiara, Berghuis, Chaffee, Wells, and Singleton were not involved in the adverse action, or in the decision to take the adverse action.  Nor does it establish, as a matter of law, that none of these Defendants can be held liable.

The evidence cited in the R&R supports Plaintiff's contention that Defendants were involved because they approved the transfer, with the increase in Plaintiff's security classification, or approved the increase in classification itself.   Even if the Court were to accept Defendants' evidence that Ludwick was the ultimate decisionmaker because his approval was necessary to implement Plaintiff's transfer and increase in security level, one or more of the Defendants might be liable based on their own involvement.  For example, a subordinate can be liable for making a recommendation that is "rubber stamped" by the person with the final authority.  *See Roberts v. Principi*, 283 F. App'x 325, 333 (6th Cir. 2008) ("When a decisionmaker acts in accordance with a retaliator's bias 'without [him]self evaluating the employee's situation,' the retaliator 'clearly causes the [adverse] action, regardless of which individual actually' enforces the adverse [action].") (discussing employer liability for a Title VII retaliation claim).[1]  In such circumstances, the subordinate is the *de*

---

[1]Ludwick himself testified that he routinely followed the suggestions of his subordinates, such as Defendant Zamiara, though he could not recall whether he relied on a recommendation from Defendant Zamiara in Plaintiff's case.  (Dkt. 140, Ex. 2, Ludwick Dep. 20.)

*facto* decisionmaker, and the titular decisionmaker is merely a conduit for the retaliator.  *Id.*

Alternatively, if any of the Defendants' actions were themselves part of the adverse action, they might be liable for their actions.  In *Siggers-El v. Barlow*, 412 F.3d 693 (6th Cir. 2005), the Sixth Circuit held that an officer that completed a security screen which made the plaintiff eligible for a transfer could be held liable for the "foreseeable consequences" of his actions, even though he did not have the final authority to approve the transfer.  *Id.* at 701 ("The fact that the Defendant's completion of a security screen . . . was not a *sufficient* condition to transfer the Plaintiff, in that the transfer coordinator must ultimately approve the transfer, does not lead to the conclusion that the transfer cannot be imputed to the Defendant.") (emphasis added).

Defendants also argue that they were merely relaying the decision of Ludwick at the central office and/or that they were *ordered* to increase Plaintiff's security level.  However, even if Ludwick *ordered* Defendants to implement his decision, Defendants may be still be liable.  "Reliance on a superior's orders does not in itself dissipate all liability," particularly if Defendants "'knew or should have known that *their actions* were violating the plaintiff's constitutional rights.'"  *Thaddeus-X v. Blatter*, 175 F.3d 378, 393 (6th Cir. 1999) (emphasis added) (quoting *Forsyth v. Kleindienst*, 599 F.2d 1203, 1216-17 (3d Cir. 1979)).  *Cf. Shehee v. Lutrell*, 199 F.3d 295, 301 (6th Cir. 1999) (holding that plaintiff did not state a retaliation claim against defendants that were not involved in the adverse action); *Cohen v. Smith*, 58 F. App'x 139, 143 (6th Cir. 2003) (affirming grant of summary judgment in favor of

defendants that did not have the ability or authority to take the adverse action); *Poppy v. City of Willoughby Hills*, 96 F. App'x 292, 295 (6th Cir. 2004) (affirming summary judgment in favor of a defendant that was not the "final decisionmaker"). In *Poppy*, *Cohen*, and *Shehee*, certain defendants prevailed on claims of retaliation because they did not have the authority to take the adverse action; however, in those cases there was no indication that those defendants were involved in the decision such that they were *de facto* decisionmakers under the standard in *Roberts*, or that they participated in the adverse action, like the defendants in *Siggers-El* and *Thaddeus-X*.

The Court also notes that Ludwick became involved only because certain Defendants *requested* a transfer that needed approval from his office.  This leaves open the question as to whether Defendants were still obligated to transfer Plaintiff at a higher level of security after they received Ludwick's approval.  In short, Plaintiff's evidence raises questions of fact as to the involvement of Defendants Zamiara, Berghuis, Chaffee, Wells, and Singleton in the adverse action.  Where Defendants move for summary judgment, the Court must view the evidence in the light most favorable to Plaintiff and draw all reasonable inferences in Plaintiff's favor.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The Court is not permitted to weigh Defendants' evidence purporting to show that Ludwick was the sole decisionmaker, or that Defendants were ordered to effect a transfer, but must determine if Plaintiff has submitted sufficient evidence to show that there remains a genuine issue of material fact.  The Court agrees with the determination in the R&R that

Plaintiff has satisfied this burden with respect to Defendants Zamiara, Berghuis, Chaffee, Wells, and Singleton.  The Court recognizes, however, that Plaintiff will have the burden, at trial, of proving his claim of retaliation against each Defendant, based on the actions of that Defendant, in order for that Defendant to be liable.

Defendants also contend that they should be subject to qualified immunity because they were merely following orders from Ludwick at central office.  However, as the Court has already discussed, questions of fact remain as to the involvement of Defendants in the adverse action.

### C. Evidence of Causation/Motive

Plaintiff objects to the determination in the R&R that Defendants submitted evidence sufficient to raise a genuine issue of material fact as to whether they would have increased Plaintiff's security level in the absence of his protected conduct.

With respect to the third element of a claim of First Amendment retaliation, Plaintiff must show that "the adverse action was motivated at least in part by the plaintiff's protected conduct."  *Thaddeus-X*, 175 F.3d at 394.  Establishing motive is subject to the burden-shifting framework set forth in *Thaddeus-X*.

> Once the plaintiff has met his burden of establishing that his protected conduct was a motivating factor behind any harm, the burden of production shifts to the defendant. If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment.

*Id.* at 399 (citations omitted).  To fulfill their burden under *Thaddeus-X*, Defendants must submit evidence that they would have transferred Plaintiff in the absence of Plaintiff's

protected conduct; the affidavits, testimony, and other evidence cited in the R&R indicating

that Defendants increased Plaintiff's security level because Defendants believed Plaintiff to

be manipulative and disruptive suffice to meet this burden.  Plaintiff contends that the

evidence cited in the R&R should not be considered by the Court because, among other

reasons, it is hearsay and it is not based on the personal knowledge of the Defendants.  For

instance, the R&R cited testimony from Defendant Berghuis that Defendants were concerned

about Plaintiff's disruptive behavior, including "manipulating others, and causing unrest, and

the mean spirit he used . . . ." (Dkt. No. 130, Ex. 6, 10/02/2008 Berghuis Dep. 40.)  Plaintiff

argues that this evidence is inadmissible hearsay because Berghuis testified that she did not

personally witness this behavior.[2]  (*Id.* at 41.) Plaintiff makes a similar argument regarding

testimony from Defendants Chaffee and Zamiara; Plaintiff argues that these Defendants

testified that they did not have personal knowledge of any disruptive and manipulative

behavior by Plaintiff.  Plaintiff appears to be arguing that the Court cannot rely on the

evidence cited in the R&R to conclude that Plaintiff actually engaged in manipulative and

disruptive behavior.  However, at issue is the subjective *motivation* of the Defendants. *See*

*Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001).  The R&R cited evidence which,

if believed, could support a finding that Defendants' decision to increase Plaintiff's security

level was motivated solely by Plaintiff's manipulative and disruptive behavior.  The Court

recognizes that Defendants have offered little evidence to show that Plaintiff actually

_____

[2]Berghuis also testified that prisoners and staff reported such behavior to her.  (*Id.* at 29-30, 41.)

engaged in such disruptive behavior; however, to find in favor of Plaintiff on the issue of causation, the Court would have to make a credibility determination with respect to the reason for the adverse action asserted by Defendants in their deposition testimony, in their affidavits, and in the transfer documents.  The Court is not permitted to make such a determination in Plaintiff's favor at this stage.  *See Reeves v. Sanderson Plumbing Prods, Inc.*, 530 U.S. 133, 150 (2000) (In reviewing evidence on summary judgment, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence.").  To survive summary judgment, it is not necessary that Defendants prove that Plaintiff actually engaged in the manipulative or disruptive behavior; Defendants' burden is to show that there remains a genuine issue of material fact as to Defendants' reason for the adverse action.  The Court agrees with the R&R that Defendants have satisfied that burden here.

The Court also notes that the Sixth Circuit's opinion in *King v. Zamiara (King I)*, 150 F. App'x 485 (6th Cir. 2005), stated that, at that time, Defendants had failed "to meet their burden of producing evidence that they would have increased King's security in the absence of his participation in protected activity because they have provided only their own *unsupported assertions* as evidence that King was disruptive." *Id.* at 495 (emphasis added).  However, that opinion issued before substantial discovery had occurred in this case, and it addressed whether or not Defendants could prevail on their own motion for summary judgment, *id.* at 490; it did not address not whether Defendants' evidence was sufficient to

survive *Plaintiff's* motion for summary judgment.  Because the Court is not permitted to weigh Defendants' evidence in Plaintiff's favor on Plaintiff's motion for summary judgment, the Court will deny Plaintiff's objection.  *See Wysong v. Dow Chem. Co.*, 503 F.3d 441, 452 (6th Cir. 2007) (noting that the issue of motive is "rarely susceptible to resolution at the summary judgment stage").

**D. Accord and Satisfaction**

The R&R also rejected Defendants' argument that Plaintiff's retaliation claim was raised and settled in the *Cain* class action.  In their objections, Defendants mis-characterize the reasoning of the R&R.  Upon review, the Court finds that this issue is correctly and adequately addressed in the R&R.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's and Defendants' objections to the Report and Recommendation of the Magistrate Judge (Dkt. Nos. 149, 148) are **DENIED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. No. 146), as supplemented by the foregoing memorandum opinion, is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend the complaint (Dkt. No. 137) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Dkt. No. 131) is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff's claims against Defendants Bolden, Swift, and Lewis are **DISMISSED**.

13

**IT IS FURTHER ORDERED** that Plaintiff's motion for partial summary judgment (Dkt. No. 129) is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff is entitled to summary judgment with respect to the first two elements of retaliation analysis, *i.e.*, Plaintiff was engaged in protected conduct and he was subject to an adverse action.  The third element of retaliation, causation, is subject to disputed issues of material fact.


Dated: April 21, 2009                                    /s/ Robert Holmes Bell
                                                         ROBERT HOLMES BELL
                                                         UNITED STATES DISTRICT JUDGE