# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

KEVIN KING,

        Plaintiff,

                              File No.  4:02-CV-141

v.

                              HON. ROBERT HOLMES BELL

CHUCK ZAMIARA, et al.,

        Defendants.

_____/

## **O P I N I O N**

This prisoner civil rights action was tried to the Court on the single issue of whether Defendants Chuck Zamiara, Curtis Chaffee, Sharon Wells, Michael Singleton, and Mary Berghuis, retaliated against Plaintiff Kevin King in violation of Plaintiff's First Amendment rights when they transferred him from a Level II to a Level III prison.  On October 20, 2009, this Court entered a judgment of no cause of action in favor of all of the defendants.  (Dkt. No. 166, J.)  On appeal, the Sixth Circuit affirmed the judgment with respect to Defendants Berghuis and Singleton, but reversed this Court's factual findings and judgment with respect to Defendants Wells, Chaffee, and Zamiara.  *King v. Zamiara*, 680 F.3d 686 (6th Cir. 2012), *cert. denied*, 133 S. Ct. 985 (2013); (Dkt. No. 175.)  The case was remanded with instructions to enter judgment in favor of Plaintiff King against Defendants Wells, Chaffee, and Zamiara, and to proceed thereafter with a determination of the appropriate remedy, including any declaratory relief or damages necessary to afford relief in this case.  (*Id.*)  This opinion is entered in accordance with the Sixth Circuit's instructions.

## I.

Proofs on the issue of the appropriate remedy were presented at the bench trial on May 19-20, 2009, and the proofs were closed at that time. The remand did not require the Court to reopen the proofs. Accordingly, the Court will not consider the additional evidence submitted by Plaintiff in his supplemental proposed findings of fact and conclusions of law. (Dkt. No. 185.) The parties had an opportunity to address the issue of damages orally in their closing arguments and in their proposed findings of fact and conclusions of law submitted at the close of the trial. (Dkt. Nos. 163, 164.) The parties have also had an opportunity to brief the Court on the issue of the appropriate remedy in response to the Sixth Circuit opinion. (Dkt. Nos. 185, 188.) The matter is now ripe for determination.

## II.

In accordance with the Sixth Circuit's ruling, the Court will enter a judgment of liability against Defendants Wells, Chaffee, and Zamiara. The Court must now determine what remedy is appropriate to provide relief for these Defendants' violation of Plaintiff's First Amendment rights when they transferred him from a Level II security facility to a Level III facility in retaliation for Plaintiff's participation in *Cain v. Michigan Department of Corrections*, Nos. 88-61119-AZ, 93-14975-CM, a state-court class action case before the Michigan Court of Claims regarding inmate property, and for his assistance to other inmates in filing grievances. The remedies Plaintiff has requested include compensatory damages (presumed), punitive damages, and injunctive relief.

## A. Compensatory Damages

Damages are available in actions under § 1983 for actions found to have been violative of constitutional rights and to have caused compensable injury. *Carey v. Piphus*, 435 U.S. 247, 255 (1978). Under the Prison Litigation Reform Act ("PLRA"), however, recovery of damages is limited as follows:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e).

This Court has previously held that § 1997e(e) applies to First Amendment retaliation claims, and while it bars damages for mental or emotional injury in the absence of physical injury, it does not prevent a prisoner from seeking other forms of relief. *See Swackhammer v. Goodspeed*, 4:03-CV-82, 2009 WL 189854, at *2 (W.D. Mich. Jan. 26, 2009) (Bell, J.); *accord LaFountain v. Martin*, 1:07-CV-76, 2010 WL 2640417, at *3 (W.D. Mich. June 30, 2010) (Maloney, C.J.) (holding that § 1997e(e) applies to prisoners' First Amendment claims and, where no physical injury is alleged, bars recovery for mental and emotional injuries). *But see Porter v. Caruso*, 1:05-CV-562, 2008 WL 3978972, at *9 (W.D. Mich. Aug. 22, 2008) (Neff, J.) (adopting R&R holding that damages for mental or emotional injury are recoverable for First Amendment violations because § 1997e(e) does not apply to First Amendment claims).

Plaintiff has neither alleged nor shown any physical injury. He contends, nevertheless, that he is entitled to "presumed damages" to compensate him for the for the deprivation of First Amendment rights he suffered as a result of spending nearly ten months in a Level III prison, when he should have been in a Level II prison, wholly aside from any mental or emotional injury he may have incurred.

This Court found that Levels II and III are medium security facilities with substantially the same programming. (Dkt. No. 165, Op. 11.) King testified, however, that the Level III facility was more restrictive. (Dkt. No. 171, Tr. I, 96-102.) He testified that he had less freedom to move between programs, the yard, and the day rooms, to make telephone calls, and to choose where to sit at mealtime, all of which affected his ability to obtain affidavits for his work on the *Cain* case. (Tr. I, 98)

Defendants contend that because King has not shown any physical injury, he should be limited to nominal damages. *See Morrison v. Bd. of Educ. of Boyd Cnty.*, 521 F.3d 602, 615 (6th Cir. 2008) (Moore, J., dissenting) (noting that the Sixth Circuit has "recognized that nominal damages are appropriate when a plaintiff proves a constitutional violation but lacks proof of an actual injury.").

To the extent King complains that the transfer resulted in a loss of personal freedom, the losses are a mental or emotional injury for which no damages are permitted because no physical injury has been shown. *See Williams v. Brown*, 347 F. App'x 429, 435 (11th Cir. 2009) (holding that prisoner who was subjected to a retaliatory negative transfer twice as far

from his family could not recover compensatory damages because he only alleged mental or emotional injuries and did not allege the requisite physical injury).

However, the Court does not agree with Defendants' suggestion that King has not proved an actual injury other than his mental or emotional injury. It appears that King's claim that the transfer negatively impacted his ability to obtain affidavits or declarations to substantiate violations of the *Cain* court's orders regarding prisoner property does not fall within the category of a mental or emotional injury. This injury suggests a different kind of harm that, while difficult to measure, may still be compensable.

"When a plaintiff seeks compensation for an injury that is likely to have occurred but difficult to establish, some form of presumed damages may possibly be appropriate." *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 310-11 (1986). Presumed damages are designed to "roughly approximate the harm that the plaintiff suffered and thereby compensate for harms that may be impossible to measure." *Id*. at 311; *see also id*. at n. 11 (citing voting rights cases where presumed damages were awarded for nonmonetary harms that could not easily be quantified); *Parrish v. Johnson*, 800 F.2d 600, 606-07 (6th Cir. 1986) ("This Court has recently held that general damages are presumed to occur when First Amendment rights are violated."); *Allah v. Al-Hafeez*, 226 F.3d 247, 251 (3d Cir. 2000) (assuming arguendo that presumed damages were available for a First Amendment free exercise claim, but awarding no damages because, under the facts alleged, the prisoner only sought compensation for a "mental or emotional injury" which was barred under § 1997e(e)); *Carr v. Whittenburg*, No.

3:01-CV-625, 2006 WL 1207286, at *3, (S.D. Ill. Apr. 28, 2006) (holding that presumed damages for violation of a prisoner's First Amendment rights were not barred by 42 U.S.C. § 1997e(e)). Damages may not be awarded based on the abstract value or importance of the constitutional right that was violated. *Stachura*, 477 U.S. at 308 (citing *Carey*, 435 U.S. at 264). "[D]amages must always be designed 'to compensate *injuries* caused by the [constitutional] deprivation.'" *Id.* at 309 (quoting *Carey*, 435 U.S. at 265); *see also Williams*, 347 F. App'x at 436 ("[C]ompensatory damages under § 1983 may be awarded only based on actual injuries caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated.").

King has testified to an injury, i.e., the negative impact on his ability to obtain affidavits or declarations concerning prisoner property violations for use in the *Cain* litigation. This injury cannot be easily quantified, but the Court is satisfied that it qualifies as a deprivation of First Amendment rights for which compensation is available. King has not shown the extent of property violations at the Level III facility, or the extent to which he was prevented from obtaining affidavits or declarations concerning those violations, but it is certainly understandable that if he has less contact with other prisoners, he may not know what violations needed to be addressed.

King was housed in the Level III prison from May 17, 2000, to March 7, 2001, for a total of 295 days. The Court finds that a reasonable compensation for King's presumed damages is $5 per day spent at the Level III prison. The Court will accordingly award King compensatory damages of $ 1,475.00 (5 x 295). *See Bell v. Johnson*, 404 F.3d 997, 999 (6th

6

Cir. 2005) (awarding $1500 in compensatory damages for First Amendment retaliation).

## B.  Punitive Damages

Punitive damages may be awarded under § 1983 when a defendant's conduct is shown to be "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983).  "The purpose of punitive damages is to punish the defendant for his willful or malicious conduct and to deter others from similar behavior." *Stachura*, 477 U.S. at 306 n.9.  Punitive damages are available only on a showing of the requisite intent, i.e., for acts done maliciously, wantonly, or oppressively.  *Id.*

Defendants' conduct in this case does not meet the standard for awarding punitive damages.  Although the Sixth Circuit reversed this Court's factual finding that these Defendants were not motivated by King's participation in protected activities, the majority opinion does not suggest that the record requires a finding that these Defendants were motivated by evil motive or intent, or callous indifference to King's protected rights.  None of these Defendants acted maliciously, wantonly, or oppressively.  Defendant Wells merely requested that King be transferred to another housing unit within the same Level II prison, and neither Chaffee nor Zamiara had any personal knowledge of Deputy Harry's stated reasons for requesting that King be transferred to another Level II prison.

## C.  Injunctive Relief

Plaintiff King has also requested injunctive relief.  He has specifically requested that

certain documents[1] be removed from his Michigan Department of Corrections ("MDOC") files on the basis that the documents are "in violation of the Department's policies and King's due-process rights." (Dkt. No. 185, Pl. Supp. Br. 2.)

To the extent King requests injunctive relief to delete documents from his files as required by the Department's policies, the request must be denied because this Court is "without authority to order defendants to conform their conduct to state law." *Combs v. Wilkinson*, 315 F.3d 548, 560 (6th Cir. 2002) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984)).

This Court does have authority to grant injunctive relief governing a state official's future conduct in order to remedy constitutional violations. *Pennhurst*, 465 U.S. at 101-02 (citing *Edelman v. Jordan*, 415 U.S. 651 (1974); *Ex Parte Young*, 209 U.S. 123 (1908)). King seeks injunctive relief to remedy an alleged due process violation relating to documents

---

[1] The documents King requests to have deleted from the Department's files include the following:

  • the NOI dated July 26, 1988 (Ex. 39);
  • the transfer order dated March 16, 1989 (Ex. 44), insofar as it references an alleged conspiracy to escape;
  • the NOI dated September 24, 1999 (Ex. 11);
  • the transfer order dated September 27, 1999 (Ex. 48), insofar as it references alleged wrongful behavior that was never substantiated;
  • the security screen dated May 8, 2000 (Ex. 24), insofar as it references an alleged wrongful behavior that was never substantiated;
  • the transfer orders dated May 12, 2000 (Exs. 20 and 25), insofar as they references alleged wrongful behavior that was never substantiated.

(Dkt. No. 164, ¶ 38.)

in his prison file. Plaintiff did not allege or prove a due process claim relating to the documents in his MDOC files,[2] and there was no finding of a due process violation in this case. Trial was limited to the issue of whether King's transfer was for permissible reasons or was for retaliatory purposes. (Dkt. No. 39, slip op. at 2, 21; Dkt. No. 73, *King v. Zamiara*, No. 06-2271, slip op. at 5 (6th Cir. Apr. 26, 2007)). Because the issue of due process was not before the Court, and because there was no finding of a due process violation, this Court is without authority to enter injunctive relief to cure an alleged due process violation. *See Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (holding that prisoner "had no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint"); *In re Ohio Execution Protocol Litig.*, No. 2:11-CV-1016, 2012 WL 1883919, at *3-4 (S.D. Ohio May 22, 2012) (citing cases in support of the proposition that a party pursuing injunctive relief is confined to arguing the merits of his or her complaint).

Furthermore, King's request for injunctive relief is directed at the MDOC, which is not a party to this case. King has not demonstrated that any of the three Defendants against whom he has obtained a verdict has any authority to offer the injunctive relief requested. Zamiara was no longer employed by the MDOC at the time of the trial, and Wells and Chaffee are lower-level employees.

---

[2] Although Plaintiff's complaint did include a due process claim, (Dkt. No. 1, Compl. ¶¶ 92-97), this claim was dismissed and was not reviewed on appeal. (Dkt. 39, *King v. Zamiara*, No. 04-1366, slip op. at 2, 21 (6th Cir. Oct. 7, 2005)).

Because the issue at trial was a First Amendment retaliation claim based on the increase in Plaintiff's security level, the only appropriate injunctive relief would be to restore Plaintiff to security Level II. Plaintiff's security level, however, has already been restored to Level II, so any request for injunctive relief is moot.

## D. Attorney Fees

Finally, King requests attorney fees pursuant to 42 U.S.C. § 1988. This Court has discretion to award a reasonable attorney's fee to prevailing civil rights litigants pursuant to 42 U.S.C. § 1988(b) ("In any action or proceeding to enforce a provision of [§ 1983] . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ."). The amount of fees that are recoverable are limited by the PLRA to 150 percent of the money judgment. *Riley v. Kurtz*, 361 F.3d 906, 911 (6th Cir. 2004); *Walker v. Bain*, 257 F.3d 660, 667 (6th Cir. 2001). *See* 42 U.S.C. § 1997e(d)(2).[3] However, "if non-monetary relief is obtained, either with or without money damages, § 1997e(d)(2) would not apply." *Walker*, 257 F.3d at 667 n.2.

---

[3]The PLRA provides in pertinent part:

"Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant."

42 U.S.C. § 1997e(d). "The statutory language may be inartful, but appellate courts have consistently interpreted the statute to limit a defendant's liability for attorney fees to 150% of the money judgment." *Robbins v. Chronister*, 435 F.3d 1238, 1240 (10th Cir. 2006).

Because the Court is not awarding non-monetary relief, attorney fees are capped at $2,212.50 (150% of $1,475.00). The Court will award attorney fees in this amount.

A judgment consistent with this opinion will be entered.


Dated: <u>May 14, 2013</u>                    <u>/s/ Robert Holmes Bell</u>
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE